**Floyd COWART, Plaintiff–Appellant,**

v.

**Jose PICO, Christopher Artuz, N. Patterson, C.O. Decker, C.O. Stetz, C.O. C. Carter, C.O. W. Moss, C.O. Carley, C.O. P. Braun, and John Doe, Defendants–Appellees.**

Docket No. 99–0030.

United States Court of Appeals, Second Circuit.

Jan. 23, 2002.

Floyd Cowart, Pro Se.

Melanie L. Oxhorn, Assistant Solicitor General; Mark Gimpel, Deputy Solicitor General, of counsel, Attorney General's Office, State of New York, New York, NY, for Appellees.

Present OAKES, VAN GRAAFEILAND, and CABRANES Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and is AFFIRMED.

In 1995, appellant Floyd Cowart was incarcerated in the Green Haven Correctional Facility in Stormville, New York. While he was incarcerated, Cowart was found guilty at a prison disciplinary hearing of violating rules against inmate dem-

onstrations, of refusing direct orders, and of disobeying inmate movement regulations. He was further found to pose a threat to the facility's safety and security and was accordingly placed in administrative segregation in the facility's special housing unit ("SHU") for twenty-five days.

Cowart thereafter field a petition in The Supreme Court of the State of New York pursuant to Article 78 of the New York Civil Practice Law & Rules against the identified defendants named in this action seeking review of the order placing him in administrative segregation. In the Article 78 petition, Cowart alleged that (1) correction officers had conspired to falsely convict him as a pretext for placing him in the SHU; (2) one of the misbehavior reports written against him was made on an improper basis; (3) the superintendent of the facility had improperly failed to intervene in the disciplinary hearing on Cowart's behalf; (4) the hearing officer was biased; and (5) evidence that would have exonerated him was improperly withheld. In July 1997, after the Supreme Court, Albany County transferred Cowart's petition to the Appellate Division, Third Department, the Appellate Division confirmed the facility's determination and dismissed Cowart's petition. *Cowart v. Pico*, 241 A.D.2d 723, 660 N.Y.S.2d 93, 93 (3d Dep't 1997).

In 1995—while his Article 78 petition was pending in the New York State courts—Cowart filed a federal complaint in Southern District of New York, naming the same defendants as those in the Article 78 petition as well as "John Doe." In the complaint, Cowart sought relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights to due process, freedom of religion, and freedom of association. Specifically, Cowart alleged that: (1) defendants conspired to deprive him of due process by presenting false evidence at the disciplinary hearing for the purpose of having him placed in the SHU; (2) the conspiracy had been instigated by the "John Doe" defendant; and (3) while he was in the SHU, he was prevented from attending religious services and classes and an inmate organizational meeting, in violation of his rights to free exercise of religion and freedom of association guaranteed by the First Amendment to the United States Constitution.

During discovery, Cowart moved to compel compliance with his discovery requests, and also applied for the appointment of counsel. In an Order dated September 27, 1997, Magistrate Judge Michael Dolinger granted Cowart's motion with respect to answered to two interrogatories and denied it in all other respects. In an Order dated May 22, 1998, Judge Martin denied Cowart's application for the appointment of counsel.

Later, in two separate Orders, the District Court granted defendants' summary judgment on Cowart's due process and First Amendment claims. With respect to the First Amendment claims, the District Court held that because Cowart was in the SHU because he had been found to be a danger to the facility after being afforded due process of law, the restrictions on his opportunity to practice his religion and on his freedom of association were reasonable in the circumstances presented. *Cowart v. Pico*, No. 95 Civ. 9069, 1998 WL 906655, at *1 (S.D.N.Y. Dec.29, 1998). With respect to the due process claims, the District Court held that they were barred on the basis of collateral estoppel because Cowart had pressed essentially the same claims in the Article 78 proceeding. *Cowart v. Pico*, No. 95 Civ. 9069, 2000 WL 272308, at *2 (S.D.N.Y. Mar.10, 2000). Cowart timely appealed from the order dated March 10, 2000.

On appeal, Cowart argues that the District Court's improperly denied his motion to compel discovery and his application for the appointment of counsel. Our review of each order is for abuse of discretion, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir.1994) (appointment of counsel); *Cruden v. Bank of New York,* 957 F.2d 961, 972 (2d Cir.1992) (discovery). Cowart has not established that the District Court abused its discretion with respect to either order.

In challenging the orders granting summary judgment against him, Cowart contends that summary judgment was improper because he was denied the opportunity to obtain the discovery he sought in his motion to compel, because he was denied the assistance of counsel, and because the District Court failed to view the evidence in the light most favorable to him. As noted, the District Court did not abuse its discretion in denying in part Cowart's motion to compel or in denying his application for the appointment of counsel. With respect to the view of the evidence taken by the District Court, we have reviewed the record *de novo* and affirm the grant of summary judgment for substantially the reasons stated by the District Court in its orders of December 29, 1998, and March 10, 2000. As we have previously stated, "Collateral estoppel in a subsequent § 1983 action is one of the risks" attendant to a decision to challenge a prison disciplinary determination in a proceeding brought pursuant to Article 78. *Giakoumelos v. Coughlin,* 88 F.3d 56, 61 (2d Cir.1996).

Accordingly, the judgment of the District Court is hereby AFFIRMED.